**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff - Appellee,<br><br>  v.<br><br>JAIME CENTENO,<br><br>            Defendant - Appellant. | No. 23-3279<br><br>D.C. No.<br>3:22-cr-02864-H-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>            Plaintiff - Appellee,<br><br>  v.<br><br>JAIME CENTENO,<br><br>            Defendant - Appellant. | No. 23-3282<br><br>D.C. No.<br>3:17-cr-03258-H-1 |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted November 18, 2025
Pasadena, California

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW and MILLER Circuit Judges.[**]

Jaime Centeno appeals his conviction for attempted reentry after deportation in violation of 8 U.S.C. § 1326. He argues that the district court improperly conducted the required three-step procedure under *Batson v. Kentucky*, 476 U.S. 79, 96–98 (1986), and that the district court abused its discretion by excluding any mention of the prescription medication Olanzapine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Our review of the record indicates that Centeno failed to meet his burden of proving purposeful discrimination at *Batson* step three. *Batson* details a three-step burden-shifting process that trial courts must use when evaluating a defendant's allegation that a prosecutor struck potential jurors on the basis of gender:

> First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of [gender]. Second, if that showing has been made, the prosecution must offer a [gender]-neutral basis for striking the juror in question. Third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.

*United States v. Alanis*, 335 F.3d 965, 967 (9th Cir. 2003) (alterations in original) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 328–29 (2003)); *see also J.E.B. v.*

---

[**] Judge Sandra S. Ikuta, who died on December 7, 2025, was originally a member of this panel. Judge Wardlaw and Judge Miller decided the appeal as a two-judge quorum. *See* 28 U.S.C. § 46(d); 9th Cir. Gen. Ord. 3.2(h).

*Alabama ex rel. T.B.*, 511 U.S. 127, 130–31 (1994). Although we ordinarily will not set aside a district court's findings under *Batson* unless clearly erroneous, we "have applied de novo review . . . where the court improperly applied" the *Batson* framework. *United States v. Mikhel*, 889 F.3d 1003, 1028 (9th Cir. 2018). We assume that Centeno met his burden of establishing a prima facie case at step one because the prosecution offered gender-neutral reasons for each challenged strike, thereby mooting Centeno's requirement to put forth a prima facie case. *See Hernandez v. New York*, 500 U.S. 352, 359 (1991) ("Where the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is no longer relevant." (quoting *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983))). Accordingly, we also assume that the district court erred in failing to conduct the *Batson* step three analysis, which requires "a sensitive inquiry into such circumstantial and direct evidence of intent as may be available" and "a clear record that the trial court made a deliberate decision on the ultimate question of purposeful discrimination." *Alanis*, 335 F.3d at 968 n.2 (quotation marks and citation omitted).

However, upon *de novo* review of the record, *see United States v. Alvarez-Ulloa*, 784 F.3d 558, 565–66 (9th Cir. 2015), we conclude that no purposeful discrimination was shown. The government used peremptory strikes on four

23-3279

female jurors and two male jurors. While such strikes reflect a statistical disparity between females and males, that disparity is not large, especially given the small size of the sample. The seated jury consisted of eight females (out of twelve) and one female alternate (out of two). Moreover, the government offered a persuasive, gender-neutral reason for exercising a peremptory strike for each of the four challenged female jurors, and Centeno has failed to point to any other circumstances that would suggest those reasons were pretextual.

2. The district court erred in excluding any mention of Olanzapine, but we conclude the error was harmless beyond a reasonable doubt. Under Federal Rule of Evidence 403, evidence may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice." But, "the exclusion of evidence offered by the defendant in a criminal prosecution under Rule 403 is 'an extraordinary remedy to be used sparingly.'" *United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015) (quoting *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995)). Here, the risk of prejudice was minimal because Centeno was not planning to offer any diagnoses or information about the drug's purpose. The name of the medication is not so inflammatory that the risk of unfair prejudice substantially outweighed its probative value, and any lingering prejudice could have been cured with a limiting instruction. Moreover, the evidence was probative: Centeno's only defense at trial was that he did not have the required

specific intent for attempted reentry because he intended to be arrested upon entry. Evidence that he had been prescribed a specific prescription medication while in federal custody in the past and desired a prescription for that medication again was probative as to whether he crossed the border with the intent of being arrested.

While the exclusion of any reference to Olanzapine hindered Centeno's ability to present a complete defense, the government has established that the exclusion of that evidence was harmless beyond a reasonable doubt. "[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010) (quoting *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006)). "[W]hen evidence is excluded on the basis of an *improper* application of the evidentiary rules, the danger of a due process violation is particularly great, since the exclusion [of the evidence] is unsupported by any legitimate . . . justification." *United States v. Evans*, 728 F.3d 953, 959–60 (9th Cir. 2013) (alterations in original) (internal quotation marks and citations omitted). If a constitutional violation is present, "we must reverse the conviction unless we conclude that the error was harmless beyond a reasonable doubt." *Haischer*, 780 F.3d at 1281.

Here, Centeno was unable to present a complete defense because he could not argue that he entered the United States specifically to obtain Olanzapine. But even if Centeno had been able to show that he had previously been prescribed

Olanzapine in detention, he had "Olanzapine" written down in the address book he was arrested with, and he was subsequently prescribed Olanzapine in custody, it nevertheless remains "clear beyond a reasonable doubt that the jury would have returned a verdict of guilty." *United States v. Velarde-Gomez*, 269 F.3d 1023, 1034 (9th Cir. 2001) (en banc)). The government presented persuasive evidence of Centeno's true motive: Centeno lied when he arrived at the San Ysidro Port of Entry, telling a Customs and Border Protection officer, "I'm American." Centeno also handed the officer a copy of his California identification card. This evidence overwhelmingly indicates that Centeno did not intend to enter the United States to be arrested but instead intended to proceed through the border screening to roam free from official restraint. Therefore, the inclusion of the Olanzapine evidence would not have altered the jury's guilty verdict.

**AFFIRMED.**[1]

---

[1] Centeno's Motion to extend time to file reply brief is granted. Dkt. No. 37.